KAISERBRAUEREI, BECK & CO. v. J. & P. BALTZ BREWING CO.

(Circuit Court, E. D. Pennsylvania. December 18, 1895.)

No. 62, April Term, 1892.

TRADE-MARKS—"KAISER" BEER.
   The word "Kaiser," as applied to beer, which has become known in the United States, under that name, as the product of a particular German brewer, is a valid trade-mark in the United States, though, under the law of Germany, it could not be adopted as such.

This was a suit by Kaiserbrauerei, Beck & Co. against the J. & P. Baltz Brewing Company to restrain the infringement of plaintiff's trade-mark. The cause was heard on the pleadings and proofs.

Goepel & Raegener, for complainant.
Biddle & Ward, for defendant.

DALLAS, Circuit Judge. The complainant, a German corporation, engaged in brewing at Bremen, introduced into the United States, in November, 1874, beer, which, for the prrpose of distinguishing it from beer brewed by others, it labeled "Kaiser"; and it has since continuously sold its beer, so labeled, in this country. It claims to have thus acquired the exclusive right so to use that word, and this claim appears to have been generally acquiesced in until, at a comparatively recent date, the defendant commenced the use of the same word upon domestic beer of its manufacture. The defendant admits this use by it, but denies that it is unlawful. I have not been convinced that the word "Kaiser" is within any of the many judicial decisions by which it has been settled that the right of selection of a trade-name is so restricted as to the words from which selection may be made as not to admit of the adoption of ordinary designations of quality, etc. It is unquestionably true that "no one can claim protection for the exclusive use of a trademark or trade-name which would practically give him a monopoly in the sale of any goods other than those produced or made by himself" (Canal Co. v. Clark, 13 Wall. 311); but the evidence shows that the word "Kaiser," when applied to beer, is, in this country, understood as a badge of origin, pointing to the complainant as the producer of the commodity, and therefore its protection, by decree of this court, in the exclusive use of that word, cannot have the effect of giving it a monopoly in the sale of any goods not produced by itself. The occasional designation of beer, in Germany and in Austria, as "Kaiser Beer," is not, in my opinion, of any importance. When there applied to any article, the word "Kaiser" signifies nothing, and has no trade object, unless it be to attract purchasers by appealing to the sentiment of loyalty or patriotism. Here, however, there never has been any such indefinite use of the word, and, as applied to beer, it is wholly unserviceable, except as it indicates the ownership of the complainant. Practically considered, it is to be regarded as a word chosen from a foreign language, having, with reference to the article to which it is related, no meaning whatever other than that which has become attached to it by reason of its adoption, use, and recognition as a trade-name. Under the treaty between the United States and Germany to which defendant's counsel have referred, the citizens of either country are entitled in the other to "the same protection as native citizens." Therefore, to hold that, because the word in question, under the municipal law of Germany, may be freely used, a German subject may not be protected in its exclusive use here, would involve the denial of like protection to our own citizens as well, and upon the same ground; and, consequently, the concession that the German law is operative within the United States,—a concession which, certainly, this treaty does not require us to make. So long as the subjects or citizens of each country are treated alike, both Germany and the United States have been left at liberty to grant or to withhold protection as they may respectively deem proper. These observations are pertinent also to the Austrian treaty to which defendant's counsel have di-

rected attention. Its provision that, "if the trade-mark has become public property in the country of its origin, it shall be equally free to all in the countries or territories of the other of the contracting parties," is without applicability. The "trade-mark" of the complainant originated, not in Austria, but in the United States, and it has not become public property. It appears that in Austria that mark could not have been validly adopted; that is to say, the law of Austria is, in this respect, identical with that of Germany; but I repeat, this trade-mark is good under our law, and therefore, though the Austrian courts are not, for that reason, bound to uphold it, those of the United States, on the other hand, are under no obligation, because it would not be good under Austrian law, to condemn it.

A decree for the complainant in the usual form may be prepared and submitted.